STATE *ex rel.* PAUL ELLIS DAVIS

*v.*

, OTTO C. BOLES, *Warden,*

WEST VIRGINIA PENITENTIARY

(No. 12602)

Submitted October 18, 1966. Decided November 15, 1966.

*G. Charles Hughes,* for relator.

*C. Donald Robertson,* Attorney General, *Thomas B. Yost,* Assistant Attorney General, for respondent.

CAPLAN, PRESIDENT:

The petitioner, Paul Ellis Davis, invoked the original jurisdiction of this Court by filing herein a petition for a writ of habeas corpus. The writ was granted on September 12, 1966, returnable on October 4, 1966, and counsel was appointed to represent the petitioner in this proceeding. An issue of fact having been raised by the pleadings, it became necessary to take deposi-

tions to resolve such issue and, by agreement of the parties, the case was continued to October 18, 1966. On that day the case was submitted for decision upon the petition, return, demurrer, supplemental return and demurrer with exhibits attached thereto, upon the depositions of Paul Ellis Davis and James Barker, and upon the briefs and arguments of counsel.

During November, 1965, the petitioner was indicted for the crime of breaking and entering by the grand jury attending the Criminal Court of Harrison County, West Virginia. Upon his plea of not guilty, the petitioner was tried by a jury which returned a verdict of guilty as charged in the indictment. The Criminal Court of Harrison County, on December 4, 1965, entered judgment upon the verdict and sentenced the petitioner to confinement in the West Virginia Penitentiary for a period of not less than one nor more than ten years. Pursuant to this sentence, the petitioner was taken to the state penitentiary and, in accordance with the recommendation of the trial court, was subsequently transferred to the Medium Security Prison at Huttonsville.

Expressing a desire to appeal his conviction, petitioner, by letter dated January 6, 1965, requested the Judge of the Criminal Court of Harrison County to forward to him all of the papers necessary to prosecute his appeal, including a transcript of the trial. Upon receipt thereof the judge of said court entered an order granting the request, resulting in receipt by the petitioner of the necessary papers, including the transcript. The transcript was received at Huttonsville by the petitioner on March 25, 1966.

According to the deposition of the petitioner, he handed these papers to one James Barker, a fellow prisoner, who was to assist him in preparing his appeal. It is pertinent to note here that, the Criminal Court of Harrison County being a court of limited jurisdiction, it was necessary to prosecute an appeal

to the circuit court of said county prior to making application to the Supreme Court of Appeals, and that the statutory limitation for an appeal to the circuit court is four months, which time in this case expired on April 4, 1966. The petitioner testified that on May 9, 1966, he was transferred back to the penitentiary at Moundsville and that on the date of said transfer a guard at the Medium Security Prison confiscated from him the transcript and other papers which the petitioner had obtained for the prosecution of his appeal.

Upon this factual situation the petitioner bases his contention that his constitutional right to appeal was violated. He contends that the confiscation of his papers by an official of the state prevented him from perfecting his appeal.

Upon consideration of the record of this proceeding we find that the petitioner's contention is entirely without merit. Under the provisions of Code, 1931, 58-4-4, as amended, it is imperative that an appeal from a conviction by a court of limited jurisdiction be instituted by filing a petition therefor within four months from the date of the judgment. That code section, where pertinent, provides: "No petition shall be presented to the circuit court or judge for an appeal from, or writ of error or supersedeas to, any judgment, decree or order rendered or made by such court of limited jurisdiction, whether the State be a party thereto or not, which shall have been rendered or made more than four months before such petition is presented." Therefore, as herein noted, the petitioner was under statutory requirement to file his petition for appeal on or prior to April 4, 1966. By the petitioner's own testimony and by that of his fellow prisoner, James Barker, it is conclusively shown that the transcript of the trial and other papers were received by the petitioner within the aforesaid statutory appeal period but that no appeal was filed within such period. After the statutory appeal period has expired an

appellate court is without jurisdiction to entertain an appeal. *State v. McLane,* 128 W. Va. 774, 38 S. E. 2d 343. See also *Jones v. Jones,* 135 W. Va. 554, 64 S. E. 2d 24; and *Elite Laundry Co. v. Dunn,* 126 W. Va. 858, 30 S. E. 2d 454.

In view of the above quoted statute, the authorities cited and the undisputed testimony in the record, it is clear that the petitioner was not deprived of his right to appeal, for the reason that the appeal period had expired prior to May 9, 1966, the date on which such records were taken from him.

Inasmuch as petitioner's failure to file a timely appeal resolves the question raised by him, it is unnecessary to consider further matters raised in this proceeding. The petitioner is therefore remanded to the custody of the respondent until he has served the sentence validly imposed upon him by the Criminal Court of Harrison County or until he is released in accordance with the provisions of law.

*Prisoner remanded.*