# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0654** (Fayette County 18-F-19 and 18-F-20)

**Dean E. Gamble, Sr.,**
**Defendant Below, Petitioner**

**FILED**
**September 29, 2020**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dean E. Gamble, Sr., by counsel Nigel E. Jeffries, appeals from an order of the Circuit Court of Fayette County entered on June 22, 2018, denying his motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. Mr. Gamble also was granted leave to file his own supplemental brief as a self-represented litigant. Mr. Gamble's sentence stemmed from his convictions, by plea of guilty, to two counts of delivery of a Schedule III controlled substance and one count of conspiracy to commit a felony. The State of West Virginia, by counsel Lara K. Bissett, filed a response challenging this Court's jurisdiction to address the issues raised. On appeal, Mr. Gamble's assignments of error challenge the validity of his sentence and allege errors in the proceedings below. He does not contest the circuit court's denial of his Rule 35(b) motion.

This Court has considered the parties' briefs, their oral arguments, the record on appeal, and the procedural history of this case. Upon consideration of the standard applicable to a circuit court's decision on a Rule 35(b) motion, the briefs, oral arguments, the record presented, and the procedural history of this case, the Court finds no question of law and no alleged error to be properly presented for review. For this reason, a memorandum decision dismissing this case as improvidently granted is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the January 2018 term of court, a Fayette County Grand Jury returned indictment number 18-F-19 charging Mr. Gamble with two counts of delivery of a

1

Schedule III controlled substance.[1]  He was separately charged during the same term of court, by indictment number 18-F-20, with one count of conspiracy to commit a felony, one count of burglary, and one count of grand larceny.[2]  At a hearing before the circuit court on March 26, 2018, and in accordance with a plea agreement Mr. Gamble reached with the State, he entered a plea of guilty to two counts of delivery of a Schedule III controlled substance,[3] and one count of conspiracy to commit a felony.[4]  Also in accordance with the plea agreement, the State moved to dismiss the remaining charges.  By conviction order entered on April 5, 2018, the circuit court accepted Mr. Gamble's plea of guilty.

Subsequently, by order entered on May 29, 2018, the circuit court sentenced Mr. Gamble to an indeterminate term of two to ten years for the first count of delivery of a Schedule III controlled substance.  Although the statutory sentence for delivery of a Schedule III controlled substance is an indeterminate term of one to five years, the circuit enhanced the sentence by double under the authority of W. Va. Code § 60A-4-408, which is a provision of the West Virginia Uniform Controlled Substances Act.  Likewise, the circuit court imposed an enhanced two to ten-year sentence for the second count of delivery of a Schedule III controlled substance.  Finally, the circuit court imposed a sentence of one to five years for conspiracy to commit a felony and ordered that the sentences run consecutively to one another.  Thereafter, Mr. Gamble filed a motion under Rule 35(b) of the West Virginia Rules of Criminal Procedure seeking a reduction of his sentence.  The circuit court denied the Rule 35(b) motion by order entered on June 22, 2018.

---

[1] The substance was Suboxone.  *See* W. Va. Code § 60A-2-208(e)(2) (naming Suboxone as a Schedule III controlled substance).  "Suboxone is pharmacologically classified as a partial opioid agonist/opioid antagonist; it is used to treat opioid dependence." *Lawyer Disc. Bd. v. Sidiropolis*, 241 W. Va. 777, 781 n.3, 828 S.E.2d 839, 843 n.3 (2019) (citing *Physicians' Desk Reference* S-837 (71st ed. 2017)).  *See also* W. Va. Code § 60A-4-401 (prohibiting, among other things, delivery of a Schedule III controlled substance).

[2] Count one of the indictment charged Mr. Gamble with conspiracy to commit the felony offense of burglary and/or grand larceny in violation of W. Va. Code § 61-10-31 (setting out crime of conspiracy), W. Va. Code § 61-3-11(a) (defining crime of burglary), and W. Va. Code § 61-3-13 (establishing crime of grand larceny).  Count two charged Mr. Gamble with violating W. Va. Code § 61-3-11(a) (burglary).  Due to a typographical error, there was no count three; however, count four of the indictment alleged a violation of W. Va. Code § 61-3-13 (grand larceny).

[3] This plea related to indictment number 18-F-19.

[4] This plea related to indictment number 18-F-20.

The original notice of appeal in this case was filed by Mr. Gamble as a self-represented litigant on July 20, 2018, which was within the thirty-day deadline for filing a notice of appeal as to the circuit court's order denying his Rule 35(b) motion.[5] However, the notice of appeal was not timely as to the circuit court's sentencing order of May 29, 2018. For this reason, the scheduling order subsequently entered by this Court on July 30, 2018, expressly stated in relevant part:

> The appeal in this matter arises from an order issued by the circuit court upon the petitioner's Rule 35(b) motion for correction of sentence. Accordingly, the assignments of error in this appeal must relate only to the circuit court's decision not to reduce the petitioner's sentence, because "Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

Numerous extensions to the deadline for perfecting this appeal were granted in various amended scheduling orders that were subsequently entered by this Court. Notably, however, the Court never amended the limiting language of the first scheduling order, which acknowledged this appeal was restricted to the circuit court's order denying Mr. Gamble's Rule 35(b) motion. Nevertheless, when counsel ultimately was appointed for Mr. Gamble and filed an amended notice of appeal on October 16, 2019, counsel incorrectly noticed an appeal of the circuit court's sentencing order. In the associated brief, counsel has raised only one assignment of error, and that error relates solely to the sentencing order and challenges the validity of the sentence. Mr. Gamble also was granted leave to file his own supplemental brief as a self-represented litigant. Mr. Gamble's supplemental brief raises five assignments of error, none of which allege any error in relation to the circuit court's order denying his Rule 35(b) motion. The State asserts that, because this appeal is from the circuit court's denial of a Rule 35(b) motion, Mr. Gamble cannot challenge the validity of his sentence or raise other issues that are outside the circuit court's Rule 35(b) ruling. We agree.

This Court has recognized that "'[i]t is a petitioner's failure to perfect his appeal, not his failure to file a timely notice of appeal, that deprives the Court of jurisdiction to hear an appeal.'" *In re E.P.*, No. 13-0782, 2014 WL 1302458, at *3 (W. Va. Mar. 31, 2014) (memorandum decision) (quoting *Boardwine v. Kanawha Charleston Humane Ass'n*, No. 13-0067, 2013 WL 5989159[, at *2, n.2] (W. Va. Nov. 12, 2013) (memorandum

---

[5] *See* W. Va. R. App. P. 5(b) ("Within thirty days of entry of the judgment being appealed, the party appealing shall file the notice of appeal and the attachments required in the notice of appeal form contained in Appendix A of these Rules.").

decision)). However, the four-month period for perfecting an appeal[6] of the circuit court's sentencing order, which was entered on May 29, 2018, had long expired by October 16, 2019, when Mr. Gamble's counsel filed an amended notice of appeal purportedly relating to that sentencing order.[7] Because no appeal of the circuit court's sentencing order of May 29, 2018, was timely perfected, that order is not properly before this Court. As previously noted, the only order properly before this Court in this appeal is the circuit court's denial

_____

[6] Rule 5(f) of the West Virginia Rules of Appellate Procedure provides that,

> [u]nless otherwise provided by law, an appeal must be perfected within four months of the date the judgment being appealed was entered in the office of the circuit clerk; provided, however, that the circuit court from which the appeal is taken or the Supreme Court may, for good cause shown, by order entered of record, extend such period, not to exceed a total extension of two months, if a complete notice of appeal was timely and properly filed by the party seeking the appeal. If a motion for leave to extend the time for perfecting an appeal is filed with the circuit court, a copy of the motion must be filed with the Clerk of the Supreme Court, and the order of the circuit court ruling on the motion must also be provided to the Clerk of the Supreme Court. A motion that is filed with this Court to extend time to perfect an appeal must comply with Rule 29 and must state with particularity the reasons why an extension is necessary. In order to permit adequate time to perfect the appeal following the completion of transcripts, the Court may, on its own motion, extend the time period for appeal in a scheduling order. Upon motion filed on or before the deadline for perfecting an appeal, the Court may grant leave to the petitioner to perfect an appeal where a notice of appeal has not been filed and a scheduling order has not been entered. Such relief will only be granted in extraordinary circumstances, and if the motion is granted, the Court may, in its discretion, deny oral argument or impose other sanctions for failure to comply with the Rules.

Although Mr. Gamble was granted numerous extensions to perfect his appeal of the circuit court's order denying his Rule 35(b) motion, this Court did not grant his request to expand this appeal beyond that order.

[7] We note that this Court did enter an order on May 21, 2020, stating that Mr. Gamble had "perfected the appeal from an order of the Circuit Court of Fayette County (Nos. 18-F-19, 18-F-20) entered on May 29, 2018." However, given the Court's prior limitation of this appeal, we find our reference to the order of May 29, 2018, to be a typographical error. This appeal actually was perfected as to the Circuit Court of Fayette County's order entered on June 22, 2018.

of Mr. Gamble's Rule 35(b) motion.[8]  The issues that may be raised in an appeal from a Rule 35(b) order are limited.  "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence.  Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing."  Syl. pt. 2, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37.  The *Marcum* Court elaborated that,

> it is abundantly clear that Rule 35(b) cannot be used as a vehicle to challenge a conviction or the validity of the sentence imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion.  In other words, challenges to convictions or the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter.  *See* Syl. Pt. 2, *State ex rel. Davis v. Boles*, 151 W. Va. 221, 151 S.E.2d 110 (1966) ("An appellate court is without jurisdiction to entertain an appeal after the statutory appeal period has expired.").

*Marcum*, 238 W.Va. at 31, 792 S.E.2d at 42 (footnotes omitted).  The issues raised by Mr. Gamble, either through his counsel or in his own brief, challenge the validity of his sentence and allege errors beyond the scope of the circuit court's ruling on his Rule 35(b) motion.  Because these issues may not be addressed in an appeal from the denial of a Rule 35(b) motion, and because we lack appellate jurisdiction to consider them in the manner raised, we dismiss this case as improvidently granted.  *See, e.g.*, *Estate of Gomez by & Through Gomez v. Smith*, ___ W. Va. ___, 845 S.E.2d 266 (2020) (dismissing will contest as improvidently granted); *C & O Motors, Inc. v. W. Va. Paving, Inc.*, 223 W. Va. 469, 677 S.E.2d 905 (2009) (dismissing appeal from partial summary judgment order as improvidently granted).

For the reasons set forth above, this appeal is dismissed as improvidently granted.

Dismissed.

**ISSUED:** September 29, 2020

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman

---

[8] We note that Mr. Gamble has never had a direct appeal of his sentencing.  While there are procedures by which he could properly appeal that order, no such procedure has been followed in this instance.  *See, e.g.*, *State v. Jason C.*, No. 18-1037, 2019 WL 5092954, at *2 (W. Va. Oct. 11, 2019) (memorandum decision) (noting that petitioner, who had entered a plea of guilty, was resentenced for purposes of appeal).

Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison