**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0787** (Webster County CC-51-2005-F-12)

**Alvin Chambers,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Alvin Chambers, by counsel Andrew B. Chattin, appeals the Circuit Court of Webster County's August 18, 2020, order denying his motion for reconsideration of sentence pursuant to West Virginia Rule of Criminal Procedure 35(b). The State, by counsel Karen C. Villanueva-Matkovich, filed a response. On appeal, petitioner argues that the circuit court erred in failing to consider the merits of his motion.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2005, the grand jury indicted petitioner on two counts of third-degree sexual assault and two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust. Following a jury trial in July of 2005, petitioner was convicted of all four counts. In September of 2005, the circuit court sentenced petitioner to an aggregate term of no less than twenty years nor more than forty years of incarceration for his convictions. The circuit court denied all motions for alternative sentencing. Petitioner appealed his conviction, which was refused by this Court on July 10, 2006.

Approximately fifteen years after his sentencing, on August 13, 2020, petitioner, a self-represented litigant, filed a motion to reconsider his sentence pursuant to Rule 35(b). In the motion, petitioner requested the appointment of a lawyer, listed other convicted sexual offenders who were granted probation, and stated that his elderly mother was ill and needed his care. Finding that it lacked jurisdiction to consider petitioner's Rule 35(b) motion given that it was untimely filed, the

circuit court denied the motion by order entered on August 18, 2020. It is from this order that petitioner appeals.

We have previously established the following standard of review regarding orders that deny Rule 35 motions:

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

Petitioner argues on appeal that the circuit court erred in denying his motion and cites our holding in *Head*, which provides that the court "may consider matters beyond the filing period when such consideration serves the ends of justice." *Head*, 198 W. Va. at 299, 480 S.E.2d at 508, Syl. Pt. 5, in part. Further, petitioner assigns as error the court's failure to substantively rule on the merits of his motion and argues that because he has been incarcerated a substantial number of years "justice requires that the court consider his motion as well as [grant] the relief requested." Finally, petitioner, while conceding that he was sentenced within the statutory limits, argues that failing to sentence him to home incarceration or probation was disproportionate and "unduly harsh" for the crimes he committed.

Rule 35(b) provides that

[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals . . . dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.

In Syllabus Point 2 of *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017), we made clear that "[a] circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." Accordingly, because petitioner's Rule 35(b) motion was filed well beyond the period for such motions, the circuit court did not err in concluding that it lacked jurisdiction to consider it.

We also note that petitioner's reliance on *Head* is misplaced. In *Head*, we directed that,

[w]hen considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, as long as the circuit court does not usurp

2

> the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice.

*Head*, 198 W. Va. at 299, 480 S.E.2d at 508, Syl. Pt. 5. This point of law speaks not to the circuit court's jurisdiction over a Rule 35(b) motion in the first instance, but rather to the circumstances that it may consider in ruling upon the motion *after* jurisdiction has been properly conferred with the filing of a timely motion. *Head*, therefore, provides no support for petitioner because the circuit court lacked jurisdiction to consider his motion as a preliminary matter.

Finally, regarding petitioner's proportionality argument, the issues that may be raised in an appeal from a Rule 35(b) order are limited. "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37. The *Marcum* Court elaborated,

> it is abundantly clear that Rule 35(b) cannot be used as a vehicle to challenge a conviction or the validity of the sentence imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion. In other words, challenges to convictions or the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter. *See* Syl. Pt. 2, *State ex rel. Davis v. Boles*, 151 W. Va. 221, 151 S.E.2d 110 (1966) ("An appellate court is without jurisdiction to entertain an appeal after the statutory appeal period has expired.").

*Marcum*, 238 W. Va. at 31, 792 S.E.2d at 42 (footnotes omitted). In arguing that his sentence was disproportionate or unduly harsh, petitioner challenges the validity of his sentence and alleges errors beyond the scope of the circuit court's ruling on his Rule 35(b) motion. Accordingly, we will not address this argument on appeal.

For the foregoing reasons, the circuit court's August 18, 2020, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton