# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0604** (Cabell County 19-F-383)

**Alvie N.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Alvie N., by counsel Steven T. Cook, appeals the July 14, 2020, order of the Circuit Court of Cabell County denying his motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] The State of West Virginia, by counsel Katherine M. Smith, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his Rule 35(b) motion and in imposing an illegal sentence.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2019, a two-count information was filed against petitioner, charging him with first-degree sexual assault in violation of West Virginia Code § 61-8B-(a)(2) and sexual abuse by a parent, guardian, custodian, or person in a position of trust in violation of West Virginia Code § 61-8D-5(a). The victim was petitioner's step-granddaughter, A.A. On that same date, petitioner entered a guilty plea to both counts.

The circuit court held petitioner's sentencing hearing in January of 2020. The victim's mother read a letter written by the victim, and the victim's mother and the victim's grandmother

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

also addressed the circuit court. All three requested that petitioner be sentenced to a term of incarceration based on the trauma inflicted. Petitioner addressed the circuit court and apologized for his actions. However, he claimed that "most of [the child's] letter was coached" and that he was just trying to "help her get by with what she had witnessed through her childhood." Counsel for petitioner asked for an alternative sentence. Counsel argued that petitioner underwent a risk assessment, which indicated he was at below average risk for reoffending and was a candidate for therapy. Counsel further argued that petitioner had no criminal record, had been continuously employed, and had a disabled sister who needed his care. Counsel noted that, if petitioner were granted an alternative sentence such as home confinement, the taxpayers of West Virginia would not have to pay for his imprisonment. The State argued for the maximum sentence allowable under both statutes, noting the seriousness of the crimes and petitioner's lack of remorse. The State noted that petitioner continued to blame the child for his actions. Following argument, the circuit court sentenced petitioner to 25 to 100 years of incarceration for his conviction of first-degree sexual assault and 10 to 20 years of incarceration for his conviction of sexual abuse by a parent, guardian, custodian, or person in a position of trust. The circuit court ordered that the sentences be served consecutively and followed by twenty-five years of supervised release. Petitioner did not file a direct appeal from the circuit court's February 28, 2020, sentencing order.

In June of 2020, petitioner filed a motion for a reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. In that motion, petitioner requested that his sentences be run concurrently, rather than consecutively. Petitioner provided a written statement in support, reiterating his remorse for his actions, that he was not a danger to society, and that his sister needed him to care for her. Petitioner further stated that he was "eligible for probation" and that he had previously been approved by the home confinement office. Alternatively, petitioner requested to be moved from Western Regional Jail to the Denmar Correctional Facility.

The circuit court held a hearing on petitioner's Rule 35(b) motion in July of 2020. Petitioner's counsel argued in favor of running petitioner's sentences concurrently. Counsel stated that petitioner admitted his wrongdoing, had no prior criminal history, and was eligible for home confinement. Counsel also noted that petitioner's sister was disabled and needed care, which petitioner could provide. Petitioner addressed the court and apologized for the hurt he caused to A.A. and their family. Petitioner asked the court "for help to redeem myself to my family, society, and to myself." Petitioner stated that he posed no threat to anyone and would be grateful for an alternative sentence. The State opposed any reduction in sentence, stating that petitioner provided no evidence to the circuit court that was not already considered at sentencing. After hearing argument, the circuit court denied petitioner's Rule 35(b) motion, finding "[t]here is nothing here that is different or has changed." Following the circuit court's holding, counsel for petitioner attempted to raise another issue, stating, "I may need to file a subsequent motion" but raised the issue of the purported illegality of petitioner's sentence due to alleged deficiencies in the information filed against him. Specifically, counsel argued that the language as contained in count one of the information tracked West Virginia Code § 62-8B-3(b), which carried a sentence of fifteen to thirty-five years. However, petitioner had been sentenced under West Virginia Code § 62-8B-3(c), which carried a sentence of 25 to 100 years.[2] As such, counsel argued that the charging

---

[2]West Virginia Code § 61-8B-3 provides as follows:

(continued . . .)

document was incorrect, and that petitioner's sentence was illegal. However, because petitioner did not properly raise the issue before the court via a Rule 35(a) motion, the circuit court did not address petitioner's objection to an illegal sentence. Petitioner now appeals the circuit court's July 14, 2020, order denying his Rule 35(b) motion.

This Court has established the following standard of review for a circuit court's ruling on Rule 35(b) motions:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner argues that the circuit court erred in denying his Rule 35(b) motion. Petitioner asserts that he should have been sentenced to 15 to 35 years of incarceration, as provided

---

(a) A person is guilty of sexual assault in the first degree when:

(1) The person engages in sexual intercourse or sexual intrusion with another person and, in so doing:

(i) Inflicts serious bodily injury upon anyone; or

(ii) Employs a deadly weapon in the commission of the act; or

(2) The person, being fourteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is younger than twelve years old and is not married to that person.

(b) Any person violating the provisions of this section is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than fifteen nor more than thirty-five years, or fined not less than one thousand dollars nor more than ten thousand dollars and imprisoned in a state correctional facility not less than fifteen nor more than thirty-five years.

(c) Notwithstanding the provisions of subsection (b) of this section, the penalty for any person violating the provisions of subsection (a) of this section who is eighteen years of age or older and whose victim is younger than twelve years of age, shall be imprisonment in a state correctional facility for not less than twenty-five nor more than one hundred years and a fine of not less than five thousand dollars nor more than twenty-five thousand dollars.

in West Virginia Code § 62-8B-3(b), rather than 25 to 100 years as provided in West Virginia Code § 62-8B-3(c). *See supra* n.2. According to petitioner, the language in subsection (b) was quoted in the information, but he was sentenced under subsection (c). While petitioner signed the guilty plea forms indicating the higher sentence was a possibility, petitioner avers that he is entitled to a strict reading of the information and is subject only to the maximum penalty set forth in that charging document. As such, petitioner argues that the circuit court erred in denying his motion because his sentence is clearly illegal. Petitioner also argues that the circuit court erred in refusing to reduce his sentence. Petitioner contends that his sentences should have been ordered to run concurrently rather than consecutively or that the circuit court should have ordered his transfer to another facility. Petitioner also notes that he was a candidate for alternative sentencing, such as home confinement; was prepared to attend any requested sexual offender counseling; and lacked any prior criminal record. Lastly, petitioner "moves for a good faith change in the law in light of the draconian penalties pursuant to the guilty plea herein" and argues that "these types of cases have become far too draconian." Petitioner argues that he received no benefit in pleading guilty below and that there was no reason to admit wrongdoing if circuit courts "do not utilize their powers for alternative sentences and concurrent sentences."

At the outset, we dispense with petitioner's claim that his sentence is illegal and his request for a change in the law. The issues that may be raised in an appeal from a Rule 35(b) order are limited. "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37. The *Marcum* Court elaborated,

> it is abundantly clear that Rule 35(b) cannot be used as a vehicle to challenge a conviction or the validity of the sentence imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion. In other words, challenges to convictions or the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter. See Syl. Pt. 2, *State ex rel. Davis v. Boles*, 151 W. Va. 221, 151 S.E.2d 110 (1966) ("An appellate court is without jurisdiction to entertain an appeal after the statutory appeal period has expired.").

238 W. Va. at 31, 792 S.E.2d at 42 (footnotes omitted). In arguing that his sentence is illegal, petitioner challenges the validity of his sentence and alleges errors beyond the scope of the circuit court's ruling on his Rule 35(b) motion. Although petitioner attempted to raise the issue of an illegal sentence following the circuit court's ruling at the hearing on his Rule 35(b) motion, the State noted that the issue was not properly before the circuit court and the circuit court did not address petitioner's objection or arguments in that regard. Accordingly, we will not address them on appeal.

Turning to the substance of petitioner's Rule 35(b) motion, we find that he is entitled to no relief. The circuit court found that petitioner failed to raise any issues that were not considered at the time of sentencing. Indeed, petitioner offered essentially no information relevant to any events that occurred after sentencing to support his plea for leniency. We have previously held that, in considering a defendant's Rule 35(b) motion, "circuit courts generally should consider only those

events that occur within the 120-day filing period." *Marcum*, 238 W. Va. at 27, 792 S.E.2d at 38, Syl. Pt. 3, in part; *see also id.* at 32, 792 S.E.2d at 43 ("It is clear from the record that the petitioner failed to cite any event that had occurred post-sentencing that would warrant a reduction in his consecutive sentencing or an award of probation."). Petitioner neither argued nor cited to any portion of the record showing any change in circumstances or remedial efforts made by him following his sentencing in February of 2020. Rather, petitioner essentially asks this Court to find that the circuit court erred in imposing consecutive, rather than concurrent, sentences or in refusing to order his transfer to another facility. However, the decision as to whether sentences will be served concurrently is entirely within the circuit court's discretion. This Court has long held that "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette*, 163 W. Va. 98, 254 S.E.2d 700 (1979); *see also* W. Va. Code § 61-11-21. Moreover, petitioner fails to cite to any authority establishing that he is entitled to his choice of penal institution. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's Rule 35(b) motion for a reduction of sentence.

For the foregoing reasons, the circuit court's July 14, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton