**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0976** (Raleigh County 19-F-47)

**Kevin Wayne Saunders,**
**Defendant Below, Respondent**

# MEMORANDUM DECISION

Petitioner Kevin Wayne Saunders, by counsel G. Todd Houck, appeals the November 6, 2020, order of the Circuit Court of Raleigh County denying his motion for reduction of sentence. Respondent State of West Virginia, by counsel Patrick Morrisey and Lara K. Bissett, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the night of October 29, 2018, petitioner attempted several carjackings and committed multiple robberies in Beckley, West Virginia. Petitioner was thereafter indicted in the Circuit Court of Raleigh County on five counts of first-degree robbery, one count of second-degree robbery, two counts of breaking and entering an automobile, and one count of battery. Pursuant to a plea agreement, petitioner pled guilty to four counts of first-degree robbery, one count of second-degree robbery, and one count of battery, with the other charges being dismissed. The plea agreement provided that each party was free to argue their respective positions as to sentencing.

Petitioner's presentence investigation report included prior convictions for first-degree robbery, assault, grand larceny, driving under the influence, and trespassing from 2007 through 2018. At a December 19, 2019, sentencing hearing, the State argued that society needed

protection from petitioner and recommended twenty-five years of incarceration for each of his first-degree robbery convictions. The State further argued that the circuit court should sentence petitioner to five to eighteen years of incarceration for his second-degree robbery conviction and to one year of incarceration for his battery conviction. The State recommended that all of petitioner's sentences should run consecutively to each other. Petitioner argued that his drug addiction should be taken into account. One of petitioner's victims told the circuit court that, because she was working the night shift when she encountered petitioner, she quit her job and no longer went out after dark.

In sentencing petitioner, the circuit court noted not only the devastating effect drug addiction has on the community, but also petitioner's "long history of criminal activity." The circuit court imposed terms of fifteen years of incarceration for three of petitioner's first-degree robbery convictions. For the remaining first-degree robbery conviction, the circuit court sentenced petitioner to twenty years of incarceration because petitioner's "actions at Papa John's involved more than one individual . . . placed in fear." The circuit court sentenced petitioner to five to eighteen years of incarceration for his second-degree robbery conviction and to one year of incarceration for his battery conviction. The circuit court ran petitioner's sentences consecutively to each other, except for his sentence for battery which the circuit court ran concurrently with his other sentences.

On April 6, 2020, petitioner filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] In the Rule 35(b) motion, petitioner challenged the validity of his convictions and further asked the circuit court to consider a reduced or alternative sentence, noting that he "has been clean of any controlled substances since October [of] 2018 and is currently enrolled in a disciple course." On June 12, 2020, the circuit court held a hearing on the motion for reduction of sentence via Skype pursuant to COVID-19 protocols. The State argued that the circuit court should decline to consider petitioner's challenge to his convictions' validity as it was beyond the scope of a Rule 35(b) motion. The circuit court asked petitioner if there was any other matter he wanted to raise. In response, petitioner argued that his sentences were disproportionate to his offenses and provided testimony about his disciple course. Petitioner explained that it was a religious studies course and that substance abuse classes were not available to him at the Southwestern Regional Jail.

---

[1]Rule 35(b) of the West Virginia Rules of Criminal Procedure provides:

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

2

By order entered on November 6, 2020, the circuit court found that petitioner may not challenge the validity of either his convictions or his sentences in a Rule 35(b) motion pursuant to Syllabus Point 2 of *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016). The circuit court further found that there was no change in petitioner's circumstances that would justify a modification or reduction in his sentences as "the [c]ourt anticipated and expected him to be sober and to participate in programs and services" during his incarceration. Accordingly, the circuit court denied petitioner's motion for reduction of sentence.

Petitioner appeals the November 6, 2020, order denying his Rule 35(b) motion. By scheduling order entered December 22, 2020, this Court directed that "the assignments of error in this appeal must relate only to the circuit court's decision not to reduce . . . petitioner's sentence[.]"

In Syllabus Point 1 of *Marcum*, we held that,

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

238 W. Va. at 27, 792 S.E.2d at 38. "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." *Id.*, Syl. Pt. 2.

On appeal, petitioner raises a single assignment of error: that his sentences were disproportionate to his offenses. The State counters that, in challenging the validity of his sentences, petitioner runs afoul of Syllabus Point 2 of *Marcum* and this Court's scheduling order which directed petitioner to limit any assignments of error to the denial of his motion for reduction of sentence.

This Court in *Marcum* explained that

> it is abundantly clear that Rule 35(b) cannot be used as a vehicle to challenge a conviction or the validity of the sentence imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion. In other words, challenges to convictions or the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter. *See* Syl. Pt. 2, *State ex rel. Davis v. Boles*, 151 W.Va. 221, 151 S.E.2d 110 (1966) ("An appellate court is without jurisdiction to entertain an appeal after the statutory appeal period has expired.").

*Id.* at 31, 792 S.E.2d at 42 (Footnotes omitted.). Therefore, pursuant to Syllabus Point 2 of *Marcum*, we decline to consider petitioner's challenge to his sentences' validity.

The State further argues that, even if petitioner assigned error to the denial of the Rule 35(b) motion, the circuit court did not abuse its discretion in denying the motion. Based upon our review of the record, including the sentencing transcript, the Rule 35(b) motion, and the transcript of the Rule 35(b) hearing, we concur with the circuit court's finding that there was no change in petitioner's circumstances that would justify a modification or reduction in his sentences. Therefore, we conclude that the circuit court properly denied the motion.

For the foregoing reasons, we affirm the circuit court's November 6, 2020, order denying petitioner's motion for reduction of sentence.

Affirmed.

**ISSUED:** February 1, 2022

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

**DISQUALIFIED:**

Chief Justice John A. Hutchison

4