# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0422** (Kanawha County 19-F-97)

**Devin Jamal Logan,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Devin Jamal Logan, by counsel Allison R. Santer, appeals the April 22, 2021, order of the Circuit Court of Kanawha County denying his motion for a reduction of his sentence. Respondent State of West Virginia, by counsel Patrick Morrisey and Karen C. Villanueva-Matkovich, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2019, petitioner pleaded guilty to a felony charge of second-degree robbery. The circuit court accepted petitioner's plea, and on July 8, 2019, sentenced petitioner to the penitentiary for an indeterminate term of not less than five nor more than eighteen years.

Following his conviction, petitioner requested permission from the circuit court to participate in a drug treatment program. The circuit court granted the request, suspending petitioner's sentence. Petitioner successfully completed the drug treatment program and made an oral motion requesting that the circuit court reconsider his sentence. The circuit court granted the motion and, by order entered on July 22, 2020, directed that petitioner be sentenced to home confinement for a term of not less than five years nor more than eighteen years. The circuit court placed numerous conditions on petitioner's home confinement, including that he enter another drug treatment program—the Anchor Program—and "remain in his home at all times except" under certain circumstances, such as traveling to approved employment and obtaining medical treatment. The circuit court said, "[Petitioner] further agrees that he shall travel directly to and from such approved locations, without detour or travel to other locations, unless specifically approved by his supervisor or officer." The circuit court also required that petitioner "refrain from

1

consuming alcohol or controlled substances" and pay a home incarceration fee.

In October of 2020, petitioner was provided with notice that he had violated the conditions of his home confinement. The notice claimed that petitioner had absconded from his sober living home on two occasions, that he had been discharged from the Anchor Program, and that he had failed to pay home confinement fees.[1] A hearing was held on the alleged violations, during which the circuit court told Petitioner:

> I'm going to find that you violated your home confinement by being discharged from the Anchor Project Center and being in arrears of your home confinement fees. I'm not going to find that you absconded home confinement and

---

[1] West Virginia Code § 62-11B-9(a) sets forth the procedures for circuit courts to follow when there is reasonable cause to believe that a defendant has violated the conditions of his or her home incarceration. That statute provides:

> If, at any time during the period of home incarceration, there is reasonable cause to believe that a participant in a home incarceration program has violated the terms and conditions of the circuit court's home incarceration order, he or she is subject to the procedures and penalties set forth in [West Virginia Code § 62-12-10].

W. Va. Code § 62-11B-9(a). West Virginia Code § 62-12-10, which sets forth the procedures for a circuit court to follow when there is reasonable cause to believe a probationer has violated the conditions of his or her probation, provides, in relevant part:

> (1) If the court or judge finds reasonable cause exists to believe that the probationer:
> (A) Absconded supervision;
> (B) Engaged in new criminal conduct other than a minor traffic violation or simple possession of a controlled substance; or
> (C) Violated a special condition of probation designed either to protect the public or a victim; the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed.
> (2) If the judge finds that reasonable cause exists to believe that the probationer violated any condition of supervision other than the conditions of probation set forth in subdivision (1) of this subsection then, for the first violation, the judge shall impose a period of confinement up to sixty days or, for the second violation, a period of confinement up to one hundred twenty days. For the third violation, the judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed and order that sentence be executed, with credit for time spent in confinement under this section.

W. Va. Code § 62-12-10(a).

2

that is -- and I note the State's objection to that, and I'm making this ruling because that was back in August and I look at it as if it rose to the level of an absconding, I think that you would not have been given the warning, and you did correct your behavior as far as not being somewhere that wasn't authorized.

But I need you to understand, [petitioner], that I cannot give you any more chances. I think that you want to do the right thing. And you're young.[2] And you do have a lot ahead of you. And you have a very stiff sentence looming over your head, but you cannot have any more chances. So I'm going to give you the opportunity, I'm going to sentence you to the 60-day sanction and then you will be released back on home confinement . . . . But you're going to be on . . . GPS monitoring. And you need to understand that you are only permitted to go where your home confinement officer authorizes you to go. And if you step out of that and you're anywhere else that is not scheduled or authorized by your home confinement officer, then I am ordering that a capias be issued immediately. Okay? Because you cannot just be wondering [sic] around doing what you want to do on home confinement. Period.

(footnote added). In an amended order entered on December 8, 2020, the circuit court found that Petitioner had violated the conditions of his home confinement by being discharged from the Anchor Program and by failing to pay home confinement fees. The circuit court ordered that petitioner's home confinement be revoked, that he serve a period of incarceration of sixty days, and that, upon the expiration of the sixty-day term of incarceration, he complete the remainder of his sentence on home confinement with the previously imposed terms and conditions.

In January of 2021, petitioner was provided with another notice that he had violated the conditions of his home confinement. This second notice alleged that petitioner had absconded from his sober living home on two more occasions—for two hours and seventeen minutes on the first occasion and for thirty-five minutes on the second occasion—that he had used marijuana and methamphetamine, that he had failed to pay home confinement fees, and that he had transported contraband material into South Central Regional Jail.[3] Petitioner did not contest the allegations that he used marijuana and methamphetamine and that he failed to pay home confinement fees. During the hearing on the alleged violations, the circuit court said:

And I do realize we've litigated this issue of absconding previously and while there is no set time period for absconding . . . , I cannot find that [petitioner] has done anything other than abscond in this matter. When we were here previously, I stated to everyone, I believe that -- and made it clear that [petitioner] understood that he was to get full permission before he left [the treatment center].

By order entered on February 3, 2021, the circuit court found that petitioner was guilty of each of

_____

[2] Petitioner was twenty-six years old at the time of the hearing.

[3] The notice stated, "Contraband material, in a plastic bag, was found inserted in [Petitioner's] rectum." The material was later determined to be tobacco.

3

the violations set forth in the notice, the court revoked petitioner's home confinement, and the court ordered that petitioner serve an indeterminate term of not less than five nor more than eighteen years in the penitentiary with credit for time served. Petitioner did not appeal this order.

On April 1, 2021, petitioner filed a motion asking the circuit court to reduce his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Petitioner asked that he receive a sanction of one hundred twenty days of incarceration followed by reinstatement of home confinement. In support of his request, petitioner argued that his conduct did not constitute "absconding supervision" within the meaning of West Virginia Code § 62-12-10.

The circuit court entered an order on April 22, 2021, denying the motion. The circuit court said:

> The [petitioner] has been the benefactor of this [c]ourt's discretion on multiple occasions . . . . [T]his [c]ourt did not find the [petitioner] guilty of absconding supervision based on his previous dalliance with an absconding charge. In that instance, the [c]ourt believed the [petitioner] may not have understood that even short[-]term deviations . . . from the conditions of his home confinement could constitute violations, and found it equitable to give the [petitioner] the benefit of the doubt. However, less than two months after this [c]ourt made it clear that short[-]term deviations could lead to a violation, the [petitioner] chose to deviate from his home confinement requirements for even longer periods of time . . . .

The circuit court was unpersuaded by the petitioner's arguments as to the meaning of "absconding supervision," concluding that petitioner's "definition would handcuff both the Home Confinement Department and the court's ability to effectively monitor defendants on home confinement, and likely would reduce the number of courts willing to offer home confinement." The circuit court went on to reason that "even brief, in-jurisdiction, unauthorized departures wholly defeat the purpose of home confinement." Ultimately, the circuit court found that the sentence imposed on petitioner was "fair and reasonable under the circumstances."

Petitioner now appeals the circuit court's April 22, 2021, order. In his first assignment of error, petitioner claims that the circuit court erred in finding that he violated the conditions of his home confinement by absconding. Petitioner repeats the arguments he made below, asserting that he could not have absconded because his unauthorized departures from his approved residence totaled fewer than three hours and that, because he was equipped with a GPS monitoring device, it was factually and legally impossible for him to abscond as his location was constantly discernable. In his second assignment of error, petitioner claims that the circuit court erred by revoking his home confinement rather than imposing a sanction of up to one hundred twenty days of incarceration under West Virginia Code § 62-12-10(a)(2).[4] Petitioner argues that his violations of the conditions of his home confinement were minor, that his violations did not involve felonious conduct, and that a sanction would have been appropriate rather than the imposition of his original sentence.

---

[4] *See supra* note 1.

We apply the following standard of review to orders denying Rule 35(b) motions:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

Rule 35(b) allows a circuit court to reduce a defendant's sentence. That rule provides, in relevant part, "A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked . . . ." W. Va. R. Crim. P. 35(b).[5] "[A] motion to reduce a sentence under Rule 35(b) 'is essentially a plea for leniency from a presumptively valid conviction.'" *State v. Marcum*, 238 W. Va. 26, 31, 792 S.E.2d 37, 42 (2016) (quoting *Head*, 198 W. Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring)).

Upon our review, we find that we do not have jurisdiction to consider the errors alleged by petitioner. In *Marcum*, we held, "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge . . . the validity of their sentencing." 238 W. Va. at 27, 792 S.E.2d at 38, Syl. Pt. 2. We explained:

> [I]t is abundantly clear that Rule 35(b) cannot be used as a vehicle to challenge . . . the validity of the sentence imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion. In other words, challenges to . . . the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter. *See* Syl. Pt. 2, *State ex rel. Davis v. Boles,* 151 W.Va. 221, 151 S.E.2d 110 (1966) ("An appellate court is without jurisdiction to entertain an appeal after the statutory appeal period has expired.").

*Id.* at 31, 792 S.E.2d at 42 (footnotes omitted).

In arguing that the circuit court erred in finding that he violated a condition of his home confinement by absconding, petitioner challenges the validity of the sentence set forth in the February 3, 2021, order. Likewise, in arguing that the circuit court erred by revoking his home confinement rather than imposing a sanction, petitioner challenges the validity of the sentence set forth in the February 3, 2021, order. These alleged errors are beyond the scope of a Rule 35(b)

---

[5] Rule 35(a) of the West Virginia Rules of Criminal Procedure permits a circuit court to correct an illegal sentence or correct a sentence imposed in an illegal manner. Neither party has argued that Rule 35(a) applies to this case.

motion, and pursuant to *Marcum*, this Court lacks jurisdiction to consider them.

Petitioner contends that *Marcum* does not prohibit our consideration of his assignments of error. He asserts that the circuit court failed to make any findings or conclusions in its February 3, 2021, order as to whether petitioner absconded supervision, which he claims rendered the order facially inadequate. Petitioner avers that his proper course of action was not to appeal the February 3, 2021, order but to return to the circuit court, through his Rule 35(b) motion, for an adequate ruling. Petitioner appears to posit that, while the February 3, 2021, order was deficient, the April 22, 2021, order consisted of an adequate final ruling on the issue of whether he absconded, placing his assignments of error properly before this Court on appeal now.

Petitioner is attempting to make an end-run around our holding in *Marcum*. It is abundantly clear from the appendix record that petitioner's purpose in filing the Rule 35(b) motion was *not* to correct a facially inadequate order. At no point during the proceedings below did petitioner ever advise the circuit court—in his Rule 35(b) motion or otherwise—that he believed the February 3, 2021, order was inadequate. The issue of the adequacy of the February 3, 2021, order was first broached in petitioner's reply brief to this Court.

It has long been the law of this state that "[t]his court will not review questions which have not been decided by the lower court." Syl. Pt. 2, *Cameron v. Cameron*, 105 W. Va. 621, 143 S.E. 349 (1928); *see also* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance."). Because the circuit court was never permitted the opportunity to address petitioner's argument that the February 3, 2021, order was facially inadequate, we refuse to consider petitioner's challenge to the adequacy of the February 3, 2021, order now. Thus, under *Marcum*, petitioner's assignments of error are not properly before us on appeal.

In that petitioner presents no further argument as to why he is entitled to relief under Rule 35(b) or how the circuit court erred in ruling on the Rule 35(b) motion, we must conclude that the circuit court did not abuse its discretion in denying the motion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 26, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

**NOT PARTICIPATING:**

6

Justice C. Haley Bunn